CARTER BROS. & CO. *et al. v.* JAMES HICKS *et al.*

DEED OF TRUST. *Not fraudulent because it reserves homestead.* A deed of trust is not fraudulent because it provides that the conveyance is made subject to a lien for purchase money and subject to a homestead allowed by law.

FROM HENRY.

Appeal from the Chancery Court at Paris. JNO. SOMERS, Ch.

COLE & SWEENEY and S. A. CHAMPION for complainants.

A. W. CAMPBELL and CLARK & HEARN for defendants.

DEADERICK, C. J., delivered the opinion of the court.

Defendants Jas. and H. Hicks made an assignment to secure creditors, of their partnership property. Jas. Hicks also conveyed his individual property to secure his individual indebtedness, providing that any surplus should go to creditors of the firm. Complainants, judgment creditors of the firm, filed their bill impeaching said conveyances for fraud, and attaching the property conveyed for the satisfaction of their debts. On the hearing the bill was dismissed, and complainants have appealed.

The argument of complainants is that the deed of James Hicks to a tract of land on which he lived at the time of the conveyance in trust, and which he had purchased from his sister, is void upon its face. The trust deed provides that the conveyance is made subject to a lien for purchase money due Miss S. W. Hicks, and also subject to a homestead allowed by law.

We do not think these exceptions affect the validity of the deed. Both James Hicks and his sister S. W. Hicks state in their answer that the land has not been fully paid for, the purchaser admits his indebtedness, and the vendor claims that there remains due $1,800 or $2,000 of the purchase money. There is no evidence tending to establish any fraud in the

execution of either of the deeds of trust. The personal property conveyed was taken into possession immediately by the trustee, and the bill was filed soon after, which prevented his proceeding under the trust deed.

The Chancellor's decree was correct, and will be affirmed.